**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-10187-CIV-GAYLES**

**EDWIN KLABBATZ,**

**Plaintiff,**

**v.**

**MONROE COUNTY JAIL,**

**Defendant.**
_______________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff Edwin Klabbatz's *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff, a pretrial detainee housed at Monroe County Jail in Key West, seeks leave to proceed *in forma pauperis* ("IFP") [ECF No. 3]. His Complaint is therefore subject to screening under 28 U.S.C. § 1915A. For the following reasons, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I. LEGAL STANDARD

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915A, courts must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(a)–(b); *see also Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). In addition, "[a] district court

has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Courts must construe *pro se* pleadings liberally and hold them "to a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, courts do not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1377 (11th Cir. 2025) (citation and quotation marks omitted).

## II. DISCUSSION

### A. The Complaint

The Complaint alleges that Plaintiff was housed in the medical unit of the Monroe County Jail due to a heart murmur. [ECF No. 1 at 2]. Plaintiff was transferred to a hospital, where doctors ordered additional diagnostic testing. *Id.* Plaintiff alleges that jail officials (he does not state whom) declined to authorize further testing, including an electrocardiogram, due to cost concerns. *Id.* Someone from the hospital later mailed Plaintiff a letter warning him of the potential consequences of foregoing the recommended testing. *Id.* Plaintiff now appears to sue either an unidentified Monroe County Jail sergeant in his official capacity or the jail itself. *See id.* at 1–2. Although the Complaint identifies no specific cause of action, Plaintiff asserts that he is "sueing [sic] this facility for failure to provide medical care[.]" *Id.* at 2. He requests $500,000 in damages. *Id.*

After carefully reviewing the Complaint, the Court finds that it should be dismissed for the following reasons. First, it is clear that Plaintiff is trying to raise a claim of deliberate indifference to a serious medical need under the Fourteenth Amendment to the United States Constitution. "[P]retrial detainees have a right to receive medical treatment for their illnesses and injuries[,]"

and deprivations of that right offends the Constitution. *Christmas v. Nabors*, 76 F.4th 1320, 1335 (11th Cir. 2023) (citation and quotation marks omitted). To prevail on this claim, Plaintiff must demonstrate: "(1) [he] had a serious medical need; (2) that [Defendant] exhibited deliberate indifference to that need; and (3) that [Defendant's] deliberate indifference caused [Plaintiff's] injury." *Id.* (citations omitted). To establish deliberate indifference, Plaintiff must allege that Defendant "was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc).[1]

As to the first element, Plaintiff's heart murmur likely constitutes a serious medical need. *See Adams v. Franklin*, 111 F. Supp. 2d 1255, 1270 (M.D. Ala. 2000). Beyond that, the Complaint fails to allege facts sufficient to establish deliberate indifference. Indeed, the Complaint is silent on identifying any individual who allegedly denied Plaintiff further medical treatment, let alone alleging that this person "exhibited deliberate indifference to that need" and, therefore, "caused [Plaintiff's] injury." *Christmas*, 76 F.4th at 1335.

It is also unclear whether Plaintiff intends to sue the Monroe County Jail or an unidentified sergeant employed there in his official capacity. *See* [ECF No. 1 at 1–2]. On one hand, Plaintiff names the Monroe County Jail in the Complaint's caption and states that he is suing "this facility" for its alleged failure to provide adequate medical care. *Id.* On the other, in the section of the standard § 1983 complaint form directing plaintiffs to identify defendants, Plaintiff lists only "Officer of Of[f]icial Ca[]pacity . . . SGT . . . MCSO." *Id.* at 1. Regardless of which Defendant Plaintiff intends to sue, the Complaint fails to state a viable claim against either.

To the extent Plaintiff sues the jail, his claim fails because a county jail is generally not a tortfeasor under § 1983, absent authorization from the state legislature. *See Dean v. Barber*, 951

---

[1] While *Dade* concerned prisoners' rights under the Eighth Amendment, "[d]eliberate indifference claims made under the Fourteenth Amendment are held to the same standards as deliberate indifference claims made under the Eighth Amendment." *Myrick v. Fulton Cnty., Georgia*, 69 F.4th 1277, 1304–05 (11th Cir. 2023) (citation omitted).

F.2d 1210, 1214 (11th Cir. 1992). "Under Florida law, a . . . jail lacks the capacity to be sued." *Perez Veguilla v. NaphCare*, No. 8:25-CV-3114-JLB-TGW, 2026 WL 171772, at *2 (M.D. Fla. Jan. 22, 2026) (citation omitted).

If Plaintiff intends to sue a sergeant in his or her official capacity, "'he has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom.'" *Watkins v. Shields*, 861 F. App'x 812, 817 (11th Cir. 2021) (quoting *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005)). That is because "[a]n official-capacity claim is a claim against the entity of which the named defendant is an agent[,]" i.e., Monroe County. *McCabe v. Pinellas Cnty. Sheriff's Dep't*, No. 8:24-CV-817-WFJ-TGW, 2024 WL 1484572, at *2 (M.D. Fla. Apr. 5, 2024) (citing *Owens v. Fulton Cty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). As defined by our Circuit, "[a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Christmas v. Harris Cnty., Ga.*, 51 F.4th 1348, 1356 (11th Cir. 2022) (citation omitted). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* (citations and quotation marks omitted). Plaintiff's allegations do not allege a nexus to a Monroe County policy or custom. Accordingly, he fails to state an official-capacity claim against this unnamed sergeant.[2]

**B. The IFP Motion**

Lastly, Plaintiff's Motion to Proceed IFP is denied for failure to include the requisite six-month account statement. Detainees "seeking to bring a civil action . . . without prepayment of fees or security therefor(e)" are responsible for filing an affidavit of indigency and "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period

[2] If Plaintiff wishes to name this Defendant again, whether in his or her individual or official capacity, he must provide sufficient identifying information to permit service of process. Such information generally includes the Defendant's name, employee identification number, and the date and time of the alleged incident.

immediately preceding the filing of the complaint . . . from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a). The six-month account statement is needed because under Section 1915(b), if a detainee brings a civil action IFP, he must pay the full filing fee, which will be assessed in partial payments by this Court. This Court cannot make the determination required by Section 1915(a) as to a payment schedule without the six-month account statement.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

1. **On or before December 7, 2026**, Plaintiff shall file an Amended Complaint that cures the defects identified in this Order. The Amended Complaint must show **Case No. 4:26-cv-10187-DPG** so that it will be filed in this case. Failure to comply with the Court's instructions may result in the dismissal of this case with prejudice.

2. **On or before December 7, 2026**, Plaintiff shall either pay the $405 filing fee or renew his IFP motion and attach a certified copy of his prison/jail account statement from each facility at which he was confined for the six-month period immediately preceding the filing of the Complaint.

2. The Clerk is **DIRECTED** to attach the form for prisoner complaints under 42 U.S.C. § 1983 and short-form IFP application to this Order.

3. The case is **CLOSED** for administrative and statistical purposes only.

4. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of November, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc: **Edwin Klabbatz**
Monroe County Jail
Inmate Mail/Parcels
5501 College Road
Key West, FL 33040
*PRO SE*